**William A. MORSE, a/k/a W. A. Morse, Plaintiff**

**v.**

**UNITED STATES of America, Defendant.**

**Civ. No. 5614.**

United States District Court
D. Minnesota,
Fourth Division.

March 16, 1959.

Findings of Facts, Conclusions of Law and Order June 15, 1959.

848

Joseph A. Walters, Minneapolis, Minn., for plaintiff.

Jack F. Blair and Jerome S. Hertz, Attys., Tax Division, Dept. of Justice, Washington, D. C., for defendant.

ROBINSON, District Judge (serving by assignment).

I have studied the record and the briefs submitted in this case. Approaching the issues as they were discussed by counsel, I find the affirmative defense of an equitable estoppel unsupported by the evidence. It seems clear that the taxpayer did not execute Form 870 preliminary to, or with the intention of, making an offer to settle the controversy, nor do I find that the government understood that it was tendered a final offer, acted in reliance upon it, and considered the case closed on the basis of the stated determination of the deficiencies. The authorities cited by the government in support of its contention, Schneider v. Kelm, D.C., 137 F.Supp. 871, and Cain v. United States, 8 Cir., 255 F. 2d 193, are distinguished accordingly.

Once the question of an estoppel is removed, the next matter to consider is whether the rental payments received by the taxpayer while he was allowed to remain in possession of the property (pursuant to the agreement of April 26, 1947) should be considered as part of the condemnation award for the property and thus allowed capital gain treatment or whether the payments must be taxed as ordinary income. The facts in this case can be briefly stated. Condemnation proceedings were commenced against the taxpayer's property, identified in the record as Arlington Apartments. Commissioners appointed to determine and compute an award for the property set the amount as $87,500. It hardly can be questioned that, had he accepted the award, this amount is all that the taxpayer would have received for his property. However, claiming that the property was worth considerably more than the award, the taxpayer took an appeal. On April 26, 1947, the parties involved in the proceedings entered into a stipulation of settlement, whereupon the taxpayer dismissed his appeal.

It is quite evident from what had been introduced into evidence that the State of Minnesota had no additional funds available by which to increase the specific amount of the original award, if it had desired to. Provision, however, was made in the stipulation that the taxpayer had the right to remain in possession of the premises for a fixed term of one year and for a conditional term of an additional two years, to be terminated at any time within the period by a written notice of 60 days, on a rent and tax free basis. The right the taxpayer acquired to use and enjoy the property and to receive the rentals therefrom on that basis was tantamount to an adjustment in the condemnation price paid, which was allowed in lieu of an increase in the principal sum award as the State was effectively precluded from granting. The intendment of the agreement seems clear especially in light of the fact that those property owners who did not take an appeal were required to pay rental to the State for the use of the property immediately from the time of the taking. Examining the agreement as a whole, then, I am unable to conclude otherwise than that the right to remain and collect the rental payments was understood by the parties as and thus became an integral part of the condemnation price paid for the property taken. The only serious objection to the taxpayer's position, which I am nevertheless persuaded to adopt, arises from the obvious uncertainty of the total price actually agreed upon at the time that the stipulation was entered into. However, this limitation should not be considered detrimental to the taxpayer so far as his case with the government is concerned.

Apparently it was a risk that he was willing to assume, presumably on the basis that no radical move would be made by the Commission in view of the collateral considerations recited at its previous meetings and reflected in its minutes. I see no reason to penalize the taxpayer or to deprive him of the actual benefits of his bargain with the State on the grounds that at the time the agreement was made he was required (or willing) to accept part of his award on this contingent basis.

The taxpayer's collection of rental payments for the ensuing three years should not therefore be treated as ordinary income but characterized as the recoupment of the balance of his condemnation award spread over the term. Furthermore, he should be allowed to take a capital gain on the net income from the operation of the property at the time when that income was realized, which would appear to be at the end of each successive year. I find from the testimony adduced, in other words, that the taxpayer had sustained his burden and therefore is entitled to treat the additional rental payments on a capital gain basis in each year as received.

The last issue whether the taxpayer is entitled to take as a business expense a deduction for interest on tax deficiencies for personal income taxes of prior years, must however be resolved adversely to the plaintiff. The statute on this point is plain. The deficiencies were personal and not a liability of the business. The fact that the taxpayer had no other source of income affords no basis for converting the interest payment into some kind of a business expense. Quite the contrary, the absence of any other source of income requires the Court to find, in addition to the fact that the item is not such an expense, that it is not deductible under Section 122(d)(5) of the 1939 Code, 26 U.S.C.A. § 122(d)(5), for the purposes of calculating a net operating loss and, in turn, the amount, of carry-over, if any.

In summary, the taxpayer is sustained on the first and second issues considered

and the government, on the third. The taxpayer is therefore entitled to a judgment in an amount as will be computed pursuant to Paragraph 26 of the Stipulation received on June 11, 1958.

### Findings of Fact, Conclusions of Law and Order for Judgment

The above entitled matter, having been regularly placed upon the General Term Calendar of the above named Court, came on for trial, without a jury, before the undersigned, serving in the above entitled district by assignment, on the 11th day of June, 1958. The above named plaintiff appeared personally and by Joseph A. Walters, Esq., 948 Midland Bank Building, Minneapolis, Minnesota. Jack F. Blair and Jerome S. Hertz, Esqs., Tax Division, Department of Justice, Washington 25, D. C., appeared for and on behalf of the above named defendant.

The Court, having heard the evidence adduced, and upon all of the exhibits offered and received, and upon the records, files and proceedings herein and after studying briefs submitted by counsel, makes the following findings of fact, conclusions of law and order for judgment:

### Findings of Fact

1.

Jurisdiction of this Court is based upon Title 28, U.S.C. Section 1346(a)(1).

2.

Plaintiff is a citizen of the United States and resides in the City of Minneapolis, County of Hennepin, State of Minnesota.

3.

On October 20, 1952, A. R. Knox was duly appointed District Director of Internal Revenue for the District of Minnesota and thereupon assumed the duties of his office. That since his appointment the said A. R. Knox has acted as District Director of Internal Revenue for the District of Minnesota on behalf of the above named defendant.

4.

Plaintiff filed in the office of the Collector of Internal Revenue (now known as

the Director of Internal Revenue) at St. Paul, Minnesota, his federal income tax returns for the years 1947, 1948, 1949 and 1950 and paid the taxes thereon shown to be due.

**5.**

The Commissioner of Internal Revenue, upon auditing the returns for the years 1947, 1948, 1949 and 1950, made certain adjustments in the computation of plaintiff's taxable income and by giving effect to these adjustments determined the following deficiencies in the amount of income taxes due from plaintiff for the following years:

| Year | Deficiency |
|---|---|
| 1947 | $17,743.15 |
| 1948 | 6,350.33 |
| 1949 | 7,584.14 |
| 1950 | 10,345.12 |

**6.**

In December, 1951 plaintiff executed a United States Treasury Department, Internal Revenue Service, Form 870 titled "Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Over Assessment".

**7.**

Plaintiff's execution of said form 870 was not preliminary to, or with the intention of, making an offer to settle his controversy with Defendant.

**8.**

Defendant, in having Plaintiff execute said Form 870, did not tender it as a final offer, act in reliance upon its execution and delivery or considered its case or claims against plaintiff closed on the basis of the then stated determination of deficiencies.

**9.**

Defendant's affirmative defence, as alleged in its Answer, is not supported by the evidence and Defendant has failed to sustain its burden of proof in support of its alleged affirmative defence.

**10.**

Additional income taxes were assessed by Defendant against Plaintiff and upon notice and demand for payment the following specified additional taxes together with interest were paid by Plaintiff on the following specified dates to A. R. Knox, District Director of Internal Revenue:

| Year | Taxes | Interest | Total Paid | Dates of Payment |
|---|---|---|---|---|
| 1947 | $17,743.15 | $5,497.75 | $23,240.90 | 12/31/52, 3/24/53, 7/15/53 |
| 1948 | 6,350.33 | 1,482.68 | 7,833.01 | 12/31/52, 7/15/53 |
| 1949 | 7,584.14 | 1,291.75 | 8,875.89 | 12/31/52, 7/15/53 |
| 1950 | 10,345.12 | 1,108.63 | 11,453.75 | 12/31/52, 7/15/53 |

**11.**

On November 1, 1954 Plaintiff filed in the office of the District Director of Internal Revenue at St. Paul, Minnesota, a claim for refund of income taxes allegedly overpaid together with interest thereon for the following years and amounts:

| Year | Tax Paid |
|---|---|
| 1947 | $3,541.41 |
| 1948 | 4,055.33 |
| 1949 | 3,612.74 |
| 1950 | 1,230.81 |

**12.**

On March 23, 1956 the Commissioner of Internal Revenue disallowed the claims for refund listed in Paragraph 11 of this Findings of Fact and notified Plaintiff by registered mail.

**13.**

In 1946 and for some years prior thereto, Plaintiff was the owner of certain real estate (commonly referred to as the Arlington Apartments) in the immediate vicinity of the Capitol of the State of

Minnesota, City of St. Paul, County of Ramsey.

14.

Pursuant to preceedings on condemnation of certain lands commenced in the District Court of Ramsey County, Minnesota, wherein the State of Minnesota, by J. A. A. Burnquist, its Attorney General, was petitioner and Alexander Sommerfield, University of Minnesota, William A. Morse et al., were respondents (File # 254874 and 254785), commissioners were appointed to determine and compute an award to be made to Plaintiff for the condemnation of Plaintiff's real estate, the Arlington Apartments which were referred to in said condemnation proceedings as Parcel 12.

15.

The commissioners in said condemnation proceedings did award to Plaintiff the sum of Eighty-seven Thousand Five Hundred Dollars ($87,500.00) with reference to the said Parcel 12 and thereafter Plaintiff appealed to said District Court of Ramsey County, Minnesota, from the award of the commissioners in the condemnation proceedings.

16.

Thereafter on April 26, 1947 the Plaintiff in this action, the State of Minnesota and other parties in interest entered into a Stipulation for Settlement of the appeal as to Parcel 12. The taxpayer dismissed his appeal. Under the terms of the Stipulation Plaintiff accepted the award and had the right to remain in possession of the premises for a fixed term of one (1) year and for a conditional term of an additional two (2) years, to be terminated at any time within the period by a written notice of sixty (60) days, on a rent and real estate tax free basis.

17.

Plaintiff was not given notice to vacate said Parcel 12 (Arlington Apartments) and Plaintiff did occupy said Parcel 12 until December 31, 1950. After May 1, 1950 Plaintiff paid rent to the State of Minnesota for the privilege of continued possession of the Arlington Apartments. During said occupancy by Plaintiff of said Parcel 12 (Arlington Apartments), the plaintiff did operate the Arlington Apartments as an apartment building.

18.

During Plaintiff's occupancy of Parcel 12 (Arlington Apartments) from April 26, 1947 to May 1, 1950, Plaintiff did not pay any rent for the possession of said premises.

19.

During Plaintiff's occupancy of Parcel 12 (Arlington Apartments) after April 26, 1947, Plaintiff did not pay any real estate taxes pertaining to said property.

20.

The right the Plaintiff acquired under the Stipulation of Settlement to use and enjoy the property and to receive the rentals therefrom on that basis was tantamount to an adjustment in the condemnation price paid, which was allowed in lieu of an increase in the principal sum award which the State of Minnesota was effectively precluded from granting.

21.

For the taxable years 1947 through 1950, Plaintiff operated the Arlington Apartments at a profit. In computing Plaintiff's income tax liability for the years 1947, 1948, 1949 and 1950 the Commissioner treated these profits from the operation of the Arlington Apartments as ordinary income rather than as capital gain.

22.

The treatment of Plaintiff's profits from the operation of the Arlington Apartments as ordinary income was erroneous and instead should be characterized as the recoupment of the balance of Plaintiff's condemnation award spread over the term. Plaintiff is allowed to take a capital gain on the net income from the operation of the property (Arlington Apartments) at the time when that income was realized, which would appear to be at the end of each successive year.

23.

Plaintiff has sustained the burden of proof alleged in the allegations contained

in Paragraphs 1 through 20 inclusive, of his first count set forth in his Complaint.

24.

Plaintiff has failed to sustain his burden of proof as to the allegations set forth in the second count of his Complaint and is not entitled to take as a business expense a deduction for interest on tax deficiencies for personal income taxes of prior years. Interest on tax deficiencies is an item of personal expense and not a liability of Plaintiff's business. This item of expense is not deductible under Section 122(d)(5) of the 1939 Code for the purposes of calculating a net operating loss and, in turn, the amount of carry-over, if any.

#### Conclusions of Law

1.

Plaintiff is entitled to treat the profits from the operation of the property involved in this action on a capital gain basis in each year as received during the period of time it was being operated under the terms of the Stipulation of Settlement entered into between Plaintiff and the State of Minnesota pursuant to the condemnation proceedings.

2.

Plaintiff is not entitled to treat as a business expense a deduction for interest on tax deficiencies for personal income taxes of prior years.

3.

The Memorandum Decision of the undersigned filed in the above entitled action on March 16, 1959 is expressly made a part hereof.

4.

That Plaintiff have judgment against the Defendant in the following amounts:

| Year | Tax | Assessed Interest |
|------|-----|-------------------|
| 1947 | $ 3,261.16 | $ 755.96 |
| 1948 | 4,055.33 | 696.74 |
| 1949 | 3,612.74 | 403.94 |
| 1950 | 1,230.81 | 63.77 |
| | $12,160.04 | $1,920.41 |

with interest thereon at 6% according to law from the respective dates of payment. The costs of this action as allowed by law are taxable against the Defendant.

It is ordered that judgment be entered accordingly.